JAMES G. BATTERSON *vs.* THE TOWN OF HARTFORD.

The act of 1877 (Session Laws, ch. 47,) provides that shares of the stock of insurance and various other corporations, owned by a resident of this state, shall be set in his tax list at their market value; but that if any portion of the capital is invested in real estate on which the company is assessed and pays a tax, the assessed value of such real estate shall be deducted from the market value of the stock. Held, that the assessed value of real estate owned by the company outside of this state, on

which it paid a tax in the state where situated, was to be deducted as well as that of real estate in this state.

And held that no deduction was to be made for United States non-taxable bonds held by the company.

The sum to be deducted, upon each share of the stock, in the tax list of a shareholder, should bear the same proportion to the market value that the entire investment in taxable real estate bears to the entire surplus of assets above liabilities.

APPEAL from the doings of the board of relief of the town of Hartford in a matter of taxation; taken to the Superior Court in Hartford county. The facts were found and the case reserved for advice. The case is sufficiently stated in the opinion.

*R. D. Hubbard,* for the plaintiff.

*S. O. Prentice,* for the defendant.

PARDEE, J.  On October 1st, 1881, the chartered capital of the Travelers Insurance Company of Hartford stood at $600,000, divided into six thousand shares. Not now regarding this capital as a liability, it had a surplus of assets beyond debts amounting to $1,435,957$\frac{62}{100}$, a portion of which was then invested in real estate in other states than this, on which it had paid taxes assessed during the previous year. Another portion was invested in real estate in this state. Neither the money paid in as capital nor the income therefrom can now be distinguished from the accumulated profits of the business, and therefore cannot be traced into the investment in real estate. Still another portion was invested in bonds of the United States, which were exempt from taxation. The Session Laws of 1877, chap. 47, § 1, provide that "shares of the capital stock of any bank, national banking association, or insurance, turnpike, bridge, or plank road company, owned by any resident of this state, shall be set in his list at their market value, in the town in which he may reside ; but so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, the assessed value

of such real estate shall be deducted from the market value of its stock, in its returns to the assessors." The plaintiff owned fifty shares, and he requested the assessors to allow such proportionate reduction from the market value as he might be entitled to upon these facts. The assessors made a reduction for the investment in real estate in this state, but refused to make any for that in real estate in other states or in United States bonds. He appealed to the Superior Court; and that court asks our advice.

First, as to the claimed exemption upon bonds of the United States. The tax is not upon the property of the corporation; it is explicitly upon the shares; that is, upon the right of the shareholder to receive his proper portion of net profits earned by the exercise of the corporate franchise, and of assets remaining after payment of debts upon dissolution. That he is not the owner of any portion of the government bonds or of any other property held by the corporation; that his right is a distinct and independent property in himself, quite separate from the ownership by the corporation of its assets; and that the state may assess a tax against him upon it at its full value, notwithstanding the fact that the corporation is the owner of untaxable government securities, is so firmly established by judicial determination that it is not now to be considered an open question. *Van Allen* v. *Assessors*, 3 Wallace, 573; *People* v. *Commissioners*, 4 id., 244; *National Bank* v. *Commonwealth*, 9 id., 359.

Second, as to the exemption of real estate taxed in other states. The question here is, what is exempted by the statute? The words are, "so much of the capital of any such company as may be invested in real estate on which it is assessed and pays a tax;" and there is no limitation as to its location. The defendant insists that whenever the legislature uses the expression "real estate" in connection with the subject of taxation, it is by virtue of an unvarying rule of interpretation to be held as if there were added to it the words, "in this state." But, first, these are not words of taxation, they are words of exemption; they

specify the measure of relief to be given to the shareholder paying a tax upon his right to receive dividends from profits accruing to a corporation when the property which earns the dividends is otherwise taxed. And again, in the act of 1872, (Gen. Statutes, p. 170, § 16,) the legislature, in behalf of mutual insurance companies, exempted the amount invested in real estate liable to "taxation in this state;" not deeming the words "real estate" sufficient to convey its meaning. The form of this exemption in the Session Laws of 1872, chap. 88, was this: "Real estate which is required to pay town or city taxes in this state;" and the revisers brought the limitation "in this state" into the revision of 1875. The act of 1868, (Session Laws of 1868, chap. 68,) permitted railroads to deduct "real estate * * not used for railroad purposes, located in this state," from the market value of their stock. In the revision of 1875, p. 168, § 6, the words "located in this state" do not appear. But we are unable to say whether the legislature thought them superfluous or intentionally removed a restriction. In the act of 1881, (Session Laws of 1881, chap. 49, § 3,) the legislature in behalf of each mutual insurance company allows an exemption to the extent of the "market value of its real estate liable to taxation in this state," repeating the limitations of 1872 and 1875.

Therefore, in this matter of granting exemption, the legislature has not so long, so often, and so invariably, used the words "real estate" in instances in which we have been made judicially to know that it intended only real estate in this state, as that the suggested rule of interpretation has the force of a statute. We think that the plaintiff is entitled to the exemption precisely as the legislature has written it.

The corporation had assets beyond debts to a certain amount. This surplus stands as its capital in the sense in which that word is used in the statute under consideration; presumably the market value of its shares rests upon it; a portion of it is invested in real estate paying taxes in this state and in other states. The legislature intended to

relieve the shareholder from the assessment upon the value of his right, so far as any portion of that surplus of corporate property which was the foundation of the market value was invested in real estate and had paid a tax. Therefore the Superior Court is advised that the deduction to be made in behalf of the plaintiff upon each share of his stock should bear the proportion to the market value, which the investment in real estate bears to the surplus of assets; and that the investment in government bonds does not entitle him to any deduction.

In this opinion the other judges concurred.