JAMES G. BATTERSON ET AL. APPEAL FROM BOARD OF RELIEF.

First Judicial District, Hartford, October Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Chapter 63 of the Public Acts of 1889 provides that the stock of certain corporations owned by Connecticut residents shall be placed in their lists at its market value in the towns where they reside; but that so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, shall be deducted from the market value of its stock in its returns to the assessors. *Held* that if this section required the assessors to make any deduction at all, the amount to be deducted should bear the same relation to the stockholder's assumed interest in the taxable value of the company's real estate, that the market value of his stock bore to his assumed interest in the capital.

The capital invested in real estate is represented by the assessed value of the real estate.

In estimating the net surplus of a life insurance company for the purpose of valuing its shares, the trial court treated the capital stock as an asset instead of a liability. *Held* that this course was correct.

Argued October 5th—decided November 7th, 1899.

APPLICATION in the nature of an appeal from the doings of the board of relief of the city and town of Hartford, taken to the Superior Court in Hartford County and tried to the court, *Thayer, J.;* facts found and judgment rendered in favor of the city and town, and appeal by the tax-payers for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Henry C. Robinson* and *William R. Matson*, for the appellants (tax-payers).

*Edward D. Robbins* and *William J. McConville*, for the appellees (the city and town of Hartford).

HAMERSLEY, J. This is an appeal by certain shareholders of the Travelers Insurance Company, alleging a grievance in the valuation of their stock for taxation. Its disposition is in the main controlled by the decision in the preceding appeal of *Dennis et al.* There are, however, some claims peculiar to this case.

The principal one is that the mode of ascertaining the sum to be deducted from the market value of stock in pursuance of § 3836 of the General Statutes, which was sanctioned by this court in *Batterson* v. *Hartford*, 50 Conn. 558, 562, is incorrect, and that the true mode is to deduct from the market value of each share one ten-thousandth part of the capital invested in real estate (the capital of the Travelers Insurance Company being divided into ten thousand shares). If this latter mode had been followed the value of the stock for taxation would be $141 per share, instead of $168, which is the assessors' valuation. If, as urged by the defendant, the assessors are not required to make any deduction, this claim is immaterial. We think, however, in any event this claim as to mode is not sound, and therefore it is not necessary in this case, any more than in *Dennis et al. Appeal*, to pass upon the obligation of the assessors to make any deduction.

The Act is a singular one. There is no specific direction to the assessors to make any deduction from the market value of the stock. There is no direction to any one to deduct the value of real estate. That from which the deduction is to be made is the market value of the shareholder's stock; that which is to be deducted is some portion of the capital of the corporation which has been invested in real estate, on which it is assessed and pays a tax. The construction of this statute which requires the assessors to make any deduction, must be based on some assumed equity in behalf of the shareholder, implied from the fact that some of the capital of the corporation is taxed. It cannot be based on the fact that any property of the shareholder has been taxed; for that is clearly

untrue. The land taxed is the property of the corporation and is not the property of the shareholder. *Batterson* v. *Hartford, supra,* p. 560. The statute assumes, therefore, on the theory of this construction, that each share of stock represents a certain interest in a proportional share of the property constituting the capital of the corporation; that some part of this property is real estate which has been taxed as property of the corporation; and that the shareholder is equitably entitled to a deduction from the taxable value of his share, which shall represent the relation between that part of the capital taxed and the whole capital. It is certain that "capital" used in this connection, *i. e.* as measuring a figurative ownership of the shareholder in the property of the corporation, must mean that part of the company's assets which would be divided among the shareholders in case of dissolution; that is to say, the assets representing the amount of the original capital and profits in excess of existing debts. This is the view taken in *Batterson* v. *Hartford, supra,* p. 561. The amount, then, to be deducted, must bear the same relation to the shareholder's assumed interest in the taxable value of the real estate, as the market value of his share bears to his assumed interest in the capital. In other words, as the whole capital of the corporation is to its capital taxed, so is the whole market value of the shareholder's stock to the amount to be deducted. For example: one ten-thousandth of the Travelers' capital is \$336; the market value of the stock is \$230; one ten-thousandth of the taxable value of the real estate is \$90. We have, then, the proportion, 336 : 90 :: 230 : 62. The shareholder, under this theory of the statute, is equitably entitled to a deduction of \$62, as made by the assessors. The difficulty with the plaintiffs' claim is that it stands on the letter of the statute, and takes no account of the equity which must control any deduction made by the assessors.

The plaintiffs also claim that the trial court erred in not treating the capital stock as a liability in estimating the Insurance Company's net surplus for the purpose of valuing its

shares of stock.    The unsoundness of this claim is involved in what we have before said.

The assets of the Travelers Insurance Company, representing its capital and surplus, amount to upwards of $3,000,000, and the assessed value of its real estate to some $900,000.    During the argument it was claimed by the defendant that the taxable property which might be considered in the reduction of the shareholder's stock must be included in these assets, and that when a company has assets vastly in excess of its capital and surplus there is no presumption that all its real estate belongs to its capital account.    We hardly think the record permits the raising of this question; at all event its consideration at this time is unnecessary.

There is no occasion to consider the errors assigned in respect to the admission of evidence.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.