ROBERT W. BARRETT ET AL. APPEAL FROM BOARD OF RELIEF.

GEORGE L. CHASE ET AL. APPEAL FROM BOARD OF RELIEF.

RALPH W. CUTLER ET AL. APPEAL FROM BOARD OF RELIEF.

First Judicial District, Hartford, May Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

General Statutes, § 3837, requires the cashier or secretary of certain corporations to report annually to the assessors of each town the names of the stockholders residing therein, the amount of stock owned by each, and the market value of the shares; and § 3836, as amended by Chap. 63 of the Public Acts of 1889, provides that the stock of such corporations owned by Connecticut residents shall be placed in their lists at its market value in the towns where they reside, but that "so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, shall be deducted from the market value of its stock in its returns to the assessors." *Held* that the resident stockholders were entitled to a deduction from the market value of their stock, for such real estate as was owned by the company as a part of its capital and surplus and on which it was assessed and paid a tax.

A stockholder's complaint alleged that a portion of the company's capital was invested in real estate on which it was assessed a stated amount, and paid taxes. *Held* that this was sufficiently specific.

An averment that the assessors refused to make any deduction "for certain real estate belonging to the company," implies that the real estate was in fact owned by the company.

Shareholders in one corporation who are severally affected by a ruling of the same board of relief upon a claim of law, may properly unite in a single action to vindicate their common right.

The re-enactment of a statute in substantially the same terms after it has received a judicial construction, carries such construction with it as a part of the statute.

Argued May 22d—decided October 17th, 1900.

APPLICATIONS in the nature of appeals from the doings of the board of relief of the town and city of Hartford, brought to the Superior Court in Hartford County and reserved by that court, *Robinson, J.,* upon demurrers to the complaints, for the consideration and advice of this court.

Each of the three appeals was grounded on the refusal of the board of relief to make any deduction from the market value of shares of stock in a corporation in which the appellants were shareholders, on account of its investments in real estate, under the provisions of General Statutes, § 3836. Barrett and others sued as shareholders in the Travelers Insurance Co.; Chase and others as shareholders in the Hartford Fire Insurance Co.; and Cutler and others as shareholders in the Hartford Trust Co.

*William J. McConville*, for the city.

*Lucius F. Robinson* and *William R. Matson*, for Robert W. Barrett et al.

*Charles E. Perkins*, for George L. Chase et al.

*E. Henry Hyde*, for Ralph W. Cutler et al.

BALDWIN, J.   General Statutes, § 3836 (as amended by the Public Acts of 1889, p. 36) provide that "shares of the capital stock of any bank, national banking association, trust, insurance, turnpike, bridge, or plank road company, owned by any resident of this State, shall be set in his list at its market value, in the town in which he may reside; but so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, shall be deducted from the market value of its stock in its returns to the assessors." The following section requires the cashier or secretary of every such corporation, whose stock is liable to taxation, to inform the assessors of each town, in October, annually, of the names of the stockholders residing therein, and the amount of stock owned by each, and the market value of the shares during the preceding month. The "returns to the assessors," mentioned in § 3836, can only be the communications from the cashiers or secretaries, to be made under § 3837.

Some light is thrown on the meaning of these provisions by

an examination of the earlier statutes regarding railroad taxation. In 1866 (Rev. of 1866, p. 717) the secretary or treasurer of each railroad company was required, in October, annually, to deliver to the comptroller a statement under oath, giving, among other things, the true market value of the shares of its capital stock; and the company was, within ten days thereafter to pay to the treasurer of the State a tax including a percentage of the market value of all its shares, as thus ascertained, subject to the approval or correction of the board of equalization; which tax was to be in lieu of all other taxes on its property and franchises within the State. This exemption clause was re-enacted in the Public Acts of 1867, p. 128, but so restrained in 1868 (Public Acts, p. 185) as not to apply to property not used for railroad purposes, "provided, that all real estate owned by railroad and horse railroad companies, not used for railroad purposes, located in this State, may be deducted from the market value of the stock of such companies in their returns to the comptroller of this State." It is obvious that the deduction thus permitted was to affect the amount of the valuation upon which the percentage of taxation was to be calculated, although it is not expressly stated that the board of equalization were to pay any regard to it.

In the following year (Public Acts of 1869, p. 342) it was enacted that "so much of the capital of any trust company as is invested in real estate on which they pay a tax, shall be deducted from the market value of their stock in their returns to assessors." The returns thus described were those to be made by the secretaries of such companies (Rev. of 1866, p. 710, § 14). In 1877 a similar statute was passed with reference to insurance companies, directing (Public Acts of 1877, p. 171) that "so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, the assessed value of such real estate shall be deducted from the market value of its stock, in its returns to the assessors." A question soon afterwards arose between a shareholder in the Travelers Insurance Company and the town of Hartford, as to whether he could be assessed upon a

valuation of his stock made without allowing any deduction for real estate owned by the company out of this State, on which it was assessed and paid a tax. He took an appeal from the board of relief to the Superior Court, and, the cause having been reserved for the advice of this court, we came to the conclusion that he was entitled to the deduction claimed. *Batterson* v. *Hartford*, 50 Conn. 558, 561. No suggestion was then made by counsel for the town that the plaintiff was entitled to no deduction whatever. The only matter of difference between the parties regarded the scope of what both treated as an exemption; one contending that it applied only to real estate in Connecticut, and the other insisting that it covered real estate wherever situated. Our opinion, therefore, that the statute provided for an exemption from taxation, was properly considered by the Superior Court, in disposing of the cases now before us, as not conclusive in determining its construction.

But in the Revision of 1888, the statutes which had been the subject of examination in *Batterson* v. *Hartford* were reenacted in substantially the same terms. This carried with them and made a part of them the judicial construction which they had previously received. *Crum* v. *Bliss*, 47 Conn. 592, 599; *Lounsbury* v. *Bridgeport*, 66 id. 360, 367; *State ex rel. Judson* v. *County Comrs.*, 68 id. 16, 23; *State* v. *Travelers Insurance Co.*, 70 id. 590, 601, 603. Under these circumstances it is too late to inquire whether the original statutes, regulating returns to assessors of the market value of shares in trust or insurance companies, were intended to give the exemption, of which the appellants now claim the benefit. That such was their intent was assumed in *Batterson* v. *Hartford*, and conclusively affirmed by the legislature by incorporating them, without substantial change, after they had thus received that construction, in the General Statutes. Whether, therefore, were the question of construction one to be examined *de novo*, we should or should not have reached any different conclusion, is immaterial.

This disposes of the main question raised by the demurrers.

These specify, however, also, in two of the cases, certain formal objections to the complaints.

One taken to that in Barrett's Appeal is, that it does not state what particular part of the aggregate assets of the corporation is designated as its capital invested in real estate. The allegation on this point was that a portion of its capital was invested in real estate on which it was assessed to the amount of $1,090,085, and paid taxes. This was amply sufficient. To describe the particular parcels of land would have been to recite matters of evidence.

The complaint in Chase's Appeal sets forth the refusal of the assessors (and of the board of relief) to allow a deduction from the market value of the whole capital stock of the Hartford Fire Insurance Company, on account of " the value of certain real estate in said Hartford and elsewhere, belonging to said company, on which it was then assessed and paid a tax." The demurrer excepts to the omission of any direct averment, either that any such estate did in fact belong to the company, and form part of its capital, or that the secretary gave the proper notice to the assessors of the market value of the shares.

To bring a shareholder within the benefit of the statutory exemption, he must show that the real estate, by reason of which he claims it, is not only owned by the company, but owned by it as a part of its capital and surplus. Real estate may be held by a corporation to respond to particular liabilities for the benefit of creditors, which it is sufficient, and not more than sufficient, to meet. In this shareholders have only a remote and subordinate interest. Other funds, and perhaps other real estate, may be held by the same corporation, which are set to the account of capital and surplus. In these investments, the creditors being otherwise provided for, the shareholders have a direct and substantial interest. It is to real estate of this latter description, only, that the statute refers.

It may be that the books of some trust or insurance companies are so kept, that their real estate is not entered as belonging to any particular fund or account. In such case, it

may be difficult to show that any of it is a part of the capital and surplus, although a surplus may in fact exist. If so, it is possible that the shareholder may lose the benefit of any exemption; but if he does, it will be because the corporation has not done what was necessary to bring him within the terms of the law, and these terms are not to be extended, as against the right of taxation for public purposes vested in the town where he belongs.

That the land mentioned in the complaint in Chase's Appeal was owned by the company, though not directly averred, is sufficiently implied. That it formed a part of the capital or surplus was neither averred nor implied. The fifth ground of demurrer was therefore well taken.

The plaintiffs in each case were properly joined. Shareholders in one company, who are severally affected by a ruling of the same board of relief upon a claim of law, may properly unite in a single action to vindicate a common right. General Statutes, § 883.

The Superior Court is advised to overrule the demurrers in Barrett's Appeal and Cutler's Appeal, and to sustain the demurrer in Chase's Appeal on the fifth ground only; but this advice is not to be taken as restricting the right to allow an amendment of the complaint in Chase's Appeal, should an amendment be deemed proper by the court in its discretion.

Costs in this court will be taxed in favor of the appellants in Barrett's Appeal and Cutler's Appeal, and against the appellants in Chase's Appeal.

In this opinion ANDREWS, C. J., TORRANCE and HALL, Js., concurred; HAMERSLEY, J., concurred in the result but not in the opinion.