RALPH W. CUTLER ET AL. APPEAL FROM BOARD OF RELIEF.

ROBERT W. BARRETT ET AL. APPEAL FROM BOARD OF RELIEF.

First Judicial District, Hartford, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The propriety or necessity of drawing conclusions of fact from other facts can seldom, if ever, be made the subject of a reservation for the advice of this court.

General Statutes, § 3836, provides that shares of the capital stock of certain corporations shall be set in the tax list of the stockholder, at their market value, in the town in which he resides; but that so much of the capital of any such company as may be invested in real estate, on which it is assessed and pays a tax, shall be deducted from the market value of its stock, in its returns to the assessors. *Held* that the question whether a portion of the capital was so invested or not, was one of fact for the determination of the trial court; and that in the absence of any finding upon that issue no question of law was presented for the advice of this court.

The real question is not one as to the form of book-keeping, but is one of substance: Is the realty a part of that capital, or capital and surplus, which, at the date of the company's return to the town assessors, represents the excess in value of the net assets above the amount of the corporate debts and liabilities, in which the shareholders are directly interested. If so, the deduction should be made, otherwise not.

Argued May 8th—decided June 4th, 1901.

APPLICATIONS in the nature of appeals from the doings of the board of relief of the town and city of Hartford,

brought to the Superior Court in Hartford County and reserved by that court, *Prentice, J.*, upon a finding of facts, for the consideration and advice of this court.

The cases are the same that were previously considered on demurrer and reported in 73 Conn. 288.

Such further facts as are material are sufficiently stated in the opinion.

*E. Henry Hyde*, for the taxpayers in Cutler's Appeal.

*Lucius F. Robinson* and *William R. Matson*, with whom was *John T. Robinson*, for the taxpayers in Barrett's Appeal.

*Edward D. Robbins* and *William J. McConville*, for the city and town of Hartford.

BALDWIN, J. These two causes involve similar questions and may properly be included in a single opinion.

Each is brought by shareholders in a corporation, claiming to obtain the benefit of a deduction from the market value of their shares, under General Statutes, § 3836. The complaint in each action contains a paragraph alleging that on October 1st, 1899, a portion of the capital of the corporation was invested in certain real estate on which it was then assessed and paid taxes. These allegations were denied, and a simple issue of fact was thus closed.

This issue the Superior Court has not found, in either case. Instead of this, it has found, in each, certain evidential facts, and asked our advice as to what judgment should be rendered upon them.

The propriety or necessity of drawing conclusions of fact from other facts can seldom, if ever, be made the subject of a reservation. *Corbin* v. *American Mills*, 27 Conn. 274, 278. In the absence of a finding by the trial court as to the main issue, which has been described, the record in neither cause presents any question of law as to which our advice can be properly asked.

Since, however, the parties differ as to the construction to

be placed on some expressions in our opinion given upon the former hearing, we think it proper to say, that to secure the benefits of the deduction provided for by General Statutes, § 3836, it is not indispensable that the part of the capital of the company invested in taxable real estate should be entered on its books under the heading of " Capital " or " Capital and Surplus." Such an entry would be important evidence as to the source of the funds thus invested, but it would not be conclusive evidence, nor is it, in the nature of things, the only evidence. The inquiry is one as to matters not of form but of substance. The real question is whether such real estate be part of that capital or capital and surplus representing, at the date of the return to the town assessors, the excess in value of the net assets above the amount of corporate debts and liabilities, in which the shareholders are directly interested. *Batterson's Appeal*, 72 Conn. 374, 376. It is this excess or "surplus of corporate property," which is treated as equitably owned by the shareholders and mainly builds up the market value of their shares. *Batterson* v. *Hartford*, 50 Conn. 558, 562; *Security Co.* v. *Hartford*, 61 id. 89. Land acquired and held for the purpose of responding to particular liabilities, whether through action by the corporation or by force of statutory requirements, would not be a part of such capital or surplus, to any greater extent than that of its value after deducting the amount of such liabilities.

The causes are remanded to the Superior Court, to be proceeded with according to law.

No costs will be taxed in this court.

In this opinion the other judges concurred.