THE MIDDLETOWN NATIONAL BANK *vs.* THE TOWN OF
MIDDLETOWN.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and GEORGE W.
WHEELER, Js.

The legislature is not forced by the Constitution of this State to adopt
a uniform method of valuing and assessing all property for purposes
of taxation.

Section 3832 of the General Statutes provides that all the property of
every corporation whose stock is not by law taxable, and which is
not required to pay a direct tax to the State in lieu of other taxes,
and whose property is not by law expressly exempt from taxation,
shall be taxed in the same manner as the property of individuals;
§ 3833 provides that the real estate of any corporation "not required
for the transaction of its appropriate business," shall be taxable as
provided in § 3832, unless the same is expressly exempt by law;
and § 3836 provides that shares of the capital stock of national bank-
ing associations owned by residents in this State, shall be set in
their list in the towns in which they reside, but that so much of the
capital of any such company as is invested in real estate, on which
it is assessed and pays a tax, shall be deducted from the market
value of its stock in its returns to the assessors. *Held* that under
these provisions the real estate of a national banking association,
used in the transaction of its appropriate business, was not subject
to direct taxation.

Argued January 8th—decided January 29th, 1902.

ACTION in the nature of an appeal from the doings of the
board of relief of Middletown in refusing to erase from the
tax list of said town the bank building of the plaintiff, brought
to the Superior Court in Middlesex County where a de-
murrer to a portion of the answer was sustained (*Prentice, J.*),
and the cause was afterwards tried to the court, *Thayer, J.;*
facts found and judgment rendered for the plaintiff, and ap-
peal by the defendant for alleged error in the conclusion of
the court. *No error.*

The plaintiff, a National Banking Association located in
Middletown, is the owner of a banking-house used for its
appropriate business and of a piece of land in the rear of said

banking-house not so used. In 1899 the assessors of Middletown placed said banking-house and the lot in its rear, in the list of the defendant for that year, and valued the same for taxation at $19,700. From this action plaintiff appealed to the board of relief, which confirmed the assessment. Thereupon the present action was brought, claiming that the said banking-building was illegally placed in the defendant's list. The trial court found that the banking-house and the land on which it stood was used for the appropriate business of the plaintiff, and was illegally placed in the list; that the lot in the rear of the banking-house was not so used and should be listed at a valuation of $1,000 ; and rendered judgment for plaintiff accordingly.

The appeal assigns as the only error the ruling of the court that the assessors were not authorized to place the banking-house in the list of the defendant. The defendant claimed that the statutes direct the assessors to list all real estate owned by national banking associations, and that if the law must be construed as applying only to land not used for the appropriate business of the corporation, then the law created an exemption or privilege in favor of a particular class of persons and was therefore invalid.

*Wesley U. Pearne*, for the appellant (defendant).

*M. Eugene Culver*, for the appellee (plaintiff).

HAMERSLEY, J. The mode of assessment and valuation of property for the purpose of taxing individuals differs from that for the purpose of taxing certain corporations ; and some classes of corporations are taxed in a manner differing from that used in taxing other classes. The State may make such discriminations without violating constitutional limitations upon the exercise of the legislative power. *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 266. Section 3832 of the General Statutes defines the corporations that shall be taxed in the same manner as individuals, according to the property owned by them, and also defines the corporations that shall be taxed

in a different manner, including the classes of corporations mentioned in § 3836. The latter section provides in substance that certain classes of corporations, to one of which the plaintiff belongs, shall not be taxed directly for property owned, but indirectly through a tax laid upon the shareholders, and that the value of the property, for which it is thus indirectly taxed, shall be substantially measured by the value of its capital stock. In this manner § 3836 taxes the corporation for all its property, real and personal. *Batterson's Appeal*, 72 Conn. 374, 376; *Barrett's Appeal*, 73 id. 288, 292; *State* v. *Travelers Ins. Co.*, 73 id. 255, 279.

Section 3833 provides for an additional tax directly upon these corporations, for all real estate owned by them, except such property as is required for the transaction of its appropriate business. The legislature has the power to impose such additional tax notwithstanding it may be in some way analogous to a double tax. The proviso, however, in § 3836 seeks to relieve the direct taxing of the land from any operation in the nature of double taxation. The land occupied by the corporation for the transaction of its business is included in the valuation of all its property for the purpose of taxation, and is not included in the provisions of § 3832. These provisions by which the land used for the business of the corporation is valued for indirect taxation under § 3836, and is not valued for direct taxation under §§ 3832 and 3833, do not exempt that property from taxation, as claimed by the defendant.

The plaintiff and defendant each refer to former legislation, for the purpose of ascertaining the true construction of the present law, and very properly; for our taxing laws are a development of the ancient system, and the changes made, and the manner of incorporating them in successive revisions, may well serve in many cases to make clear a doubtful meaning.

We have carefully examined the history of this legislation since 1800, but find nothing which can justly modify the meaning of the sections in question, as above stated. It follows that the assessors of the defendant town were not au-

thorized to place the land, used for the appropriate business of the plaintiff corporation, in its tax list.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.