MORGAN G. BULKELEY ET AL. APPEAL FROM THE BOARD
OF RELIEF OF THE CITY OF HARTFORD.

First Judicial District, Hartford, May Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 3836 of the Revision of 1888 (repealed in 1901), provided that so
much of the " capital " of any insurance company as might be in-
vested in real estate upon which it was assessed and paid taxes,
was to be deducted from the market value of its stock in its returns
to the assessors. *Held :—*
1. That " capital " described the company's surplus over liabilities, rep-
resenting the fund in which the shareholder was equitably inter-
ested and to which he would look for his final dividend were the
company to be wound up.
2. That in order to secure the statutory deduction from the market
value of his shares, it was not enough for a shareholder to prove
that the company owned real estate upon which it paid taxes; he
must go further and show that some portion of the " capital" of
the company, as above defined, was invested in real estate upon
which it paid taxes, the ground for the deduction being that real es-
tate materially contributing to the value of his shares had already
been taxed.
Taxing a corporation upon the market value of real estate owned by
it, and taxing individual shareholders upon the market value of
the shares owned by them, is not, strictly speaking, double taxa-
tion.  It may or may not come within the equity of the rule that
double taxation should be avoided.

Submitted on briefs May 3d—decided June 14th, 1904.

APPLICATION in the nature of an appeal from the refusal
of the board of relief of the city of Hartford to reduce the as-
sessors' valuation upon certain shares of stock, taken to the
Superior Court in Hartford County and tried to the court,
*Shumway, J. ;* facts found and judgment rendered affirming
the action of the board of relief, and appeal by the taxpayers.
*No error.*

This is an application to the Superior Court under § 3860
of the Revision of 1888 (Rev. 1902, § 2354), claiming equi-
table relief from an alleged illegal assessment of taxes.   The
applicants, hereinafter called plaintiffs, are shareholders of

the capital stock of the Ætna Life Insurance Company. Their shares were assessed at their market value of $265 a share. The plaintiffs claimed that the shares should be assessed at a less value, viz. $215 a share, and appealed to the board of relief, who sustained the action of the assessors. In their complaint the plaintiffs claim that this assessment is illegal and that they are aggrieved by the action of the board in sustaining it, because the corporation in which they are shareholders owns certain real estate upon which it was assessed and paid taxes, and that a proportional sum should have been deducted from the market value of their shares, on account of the corporation's ownership of real estate upon which it had been assessed and paid taxes, under § 3836 of the Revision of 1888 as amended in 1889. The complaint alleges that a portion of the capital stock of the Ætna Life Insurance Company, amounting to nearly $3,000,000, was invested in real estate of the value of over $500,000, upon which said company was assessed and paid taxes. The answer of the city denies this allegation, and the issue thus framed is substantially the only one presented by the pleadings.

The court found this issue for the city and rendered judgment accordingly. It appears in the finding that the capital stock of the insurance company consisted of 17,500 shares of the par value of $100 each, $150,000 of which was paid in cash, and the remainder made up of stock dividends issued to shareholders; that the gross assets of its stock department, which is kept separate from its mutual or participating department, amount to $7,937,272.75; that the gross liabilities of the stock department amount to $5,231,631.27, of which $4,578,605.93 represents the insurance reserve on life policies; that the balance between these two sums, namely $2,705,641.48, represents the amount of its capital stock and surplus. It further appears that the court, in reaching its ultimate conclusion, found the other facts set forth in the finding, and ruled that § 3836 used the word "capital" as indicating the original capital and profits in excess of existing debts, and that upon the trial the burden of proof in re-

spect to the issue presented, namely, the investment of a portion of this capital in real estate, was upon the plaintiffs.

The appeal claims error in these rulings, and that certain of the facts found are inconsistent with the court's ultimate conclusion of fact.

*Lewis Sperry*, for the appellants (the taxpayers).

*Arthur L. Shipman* and *Joseph P. Tuttle*, for the appellee (the City of Hartford).

HAMERSLEY, J. The trial court correctly ruled that the word "capital," as used in § 3836 of the Rev. of 1888, describes the surplus over its liabilities, representing the fund in which the shareholder is equitably interested and to which he would look for his final dividend were the company to be wound up. *Batterson* v. *Hartford*, 50 Conn. 558, 561; *Batterson's Appeal*, 72 id. 374, 376; *Barrett's Appeal*, 75 id. 280, 281. Taxing a corporation upon the market value of real estate owned by it, and taxing individual shareholders upon the market value of the shares owned by them, is not strictly double taxation. It may or may not come within the equity of the rule that double taxation should be avoided. Where a corporation is permitted to invest its whole subscribed capital in a single piece of land upon which it is taxed, taxing its individual shareholders upon the market value of their shares may come clearly within the equity of the rule. But where a corporation, as is the case with stock life insurance companies, is allowed to make large accumulations from payments made upon promises to satisfy future liabilities vastly exceeding in amount its whole capital, under statutory requirement that it shall hold in reserve a fund sufficient to meet these liabilities, and invests such accumulations in real estate upon which it pays taxes, it is evident that accumulations held to meet such liabilities cannot swell the capital which individual shareholders may be said to equitably own, and that taxing these individual shareholders upon the market value of their

shares does not come within the equity of the rule. The proviso in § 3836 is not based on the fact that property belonging to the corporation has been taxed, but on the fact that the portion of the corporation's property which specially contributes to the value of the stockholder's shares, and which he may be said to then equitably own, has been taxed. It is not intended to authorize an arbitrary deduction from the shareholder's list, but to authorize a reduction of the valuation, treating the shareholder as owning an equitable interest in that part of the corporation's assets representing the amount of the original capital and profits in excess of existing debts, and therefore equitably entitled to be credited in the valuation of his share with the amount of this property which has been taxed. *Batterson* v. *Hartford*, 50 Conn. 558; *Batterson's Appeal*, 72 id. 374; *State* v. *Travelers Ins. Co.*, 73 id. 255, 279; *Barrett's Appeal*, 73 id. 288. It is intended to provide for an equity, and has no operation unless that equity is shown and shown in the manner prescribed. *Barrett's Appeal*, 73 Conn. 288, 292. Section 3836 must be read in connection with § 3837 of the Rev. of 1888 (Rev. 1902, § 2331). As construed in the cases above cited, it provides that shares of capital stock of the corporations named shall be set by the assessors in the list of the owner at their market value, and that the corporation shall annually make a return to the assessors, informing them, among other things, what is the market value of its stock, what portion, if any, of the assets representing its capital and profits in excess of its debts is invested in real estate on which it is taxed, and deducting that amount from the market value of its stock. There is no specific provision for any further action by the assessors, but as we have held, in construing the statute according to its intended equity, it becomes the duty of the assessors to value shares returned by owners in view of the equity that may be thus shown, deducting a proportional amount from the market value of each share returned, and to set the share in the list at this valuation. The assessors must make their own valuation; they are not bound by the information given in

the return in respect to the investment in real estate, any more than by that in respect to the market value of the shares. If the corporation makes no return, or if the return made does not show that any portion of the capital is invested in real estate, they must set the shares in the list at the market value, and if in such case a shareholder applies to a court of equity claiming the assessment to be illegal because in fact some portion of the corporation's capital is invested in real estate, he must assume the burden of proving this fact. *Barrett's Appeal*, 73 Conn. 288, 75 id. 280. The trial court did not err in ruling that the burden of proof was upon the plaintiffs to establish the fact that some portion of the corporation's capital, as defined, was invested in real estate on which it paid taxes.

The plaintiffs' claim, that the subordinate facts found by the trial court are necessarily inconsistent with its ultimate conclusion of fact, is not supported by the record. The subordinate facts do not differ in any essential particular from those appearing in the record in *Barrett's Appeal*, 75 Conn. 280, where a similar claim was not sustained.

As distinguishing this case, plaintiffs' counsel refer to the fact that in the former case it appeared that there were certain provisions in the corporation's charter relative to its investment in real estate, which might raise a question whether land thus acquired should in the event of dissolution be held first to respond to the reinsurance fund. We did not pass upon this question. The fact did not affect the real ground of our decision. That ground was this: " Their stock was to be assessed at its full value, unless they could show that real estate materially contributing to that value had been taxed already. If the evidence failed to show that any of the real estate owned by the company did so contribute, they were entitled to no relief." The fact might tend to strengthen the conclusion that the plaintiffs had failed to sustain their burden of proof, but it certainly was neither inconsistent with nor essential to that conclusion.

Counsel also urge that in this case it appears that the

corporation regarded all its assets as held indiscriminately to meet all its liabilities ; that it never has assigned nor attempted to assign any particular assets to any particular liabilities ; and that no assets of the company have been set to the account of any particular liabilities. These, and facts of a similar nature, may tend to show that the plaintiffs have not sustained their burden of proof, but are not inconsistent with the conclusion of the court to that effect. It is not difficult for a banking corporation to show that real estate which it may own fairly and substantially represents an investment of a portion of its capital, within the meaning of the proviso in question ; and that proviso as originally enacted applied only to corporations of that class. It may be more difficult for a corporation invested with the special privilege of conducting a peculiar and special business, involving the incurring of vast liabilities and the appropriation of the proceeds of that business to the accumulation of a fund to be held and maintained in pursuance of statutory requirements for the special purpose of meeting those liabilities as they become due, during an indefinite future, to show that real estate which it may own does fairly and substantially represent an investment of its capital within the meaning of the proviso ; but such a corporation can secure evidence that particular real estate owned by it does substantially represent such investment. The law permits it to do this when such is the fact. But if the corporation fails to do this, or is of opinion that the true interest of its shareholders is better served by not taking the steps necessary to secure such evidence, such action or non-action concerns only the corporation and its shareholders ; neither the assessors nor the court can for that reason find a fact without evidence, which must affirmatively be shown by a shareholder before a valuation of his shares at less than their market value can legally be made.

In this case, it is obvious that the fact upon which the plaintiffs substantially rely as necessarily inconsistent with the conclusion of the court that the evidence fails to establish an investment of a portion of the corporation's capital

within the meaning of the proviso, is the fact that the corporation owns real estate upon which it pays taxes. It is plain that the fact of the corporation's owning such real estate is consistent with the failure of the plaintiffs to show by a fair preponderance of evidence that a portion of the corporation's capital, within the meaning of the proviso as settled by our former decisions, was invested in this real estate; and this was expressly determined by the decision in *Barrett's Appeal*, 75 Conn. 280. That decision must govern this case.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.