EDWARD S. ROBERTS, TREASURER, *vs.* THE AUTO-MOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

First Judicial District, Hartford, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Section 2331 of the General Statutes as amended by chapter 54 of the Public Acts of 1905, providing for the payment by certain corporations to the treasurer of the State of a tax of one per cent on the market value of each share of its stock, is not a tax upon the property of the corporation nor upon its capital or capital stock, but upon the shares of stock, which belong to the shareholders; and

therefore, in computing the tax, the corporation is not allowed to deduct, from the market value of the shares, the amount of non-taxable bonds of the State which it owns.

Argued January 13th—decided March 2d, 1915.

ACTION to recover a tax of one per centum upon the market value of the capital stock of the defendant corporation, brought to and reserved by the Superior Court in Hartford County, *Gager, J.*, upon the plaintiff's demurrer to the defendant's answer, for the advice of this court. *Superior Court advised to sustain the demurrer.*

*William A. King,* for the plaintiff.

*Lewis Sperry* and *Harry W. Reynolds,* for the defendant.

THAYER, J. The defendant company belongs to the class of corporations whose stock is not exempt from taxation and, as it has no real estate in this State, is liable, under General Statutes, § 2331, as amended by chapter 54 of the Public Acts of 1905, p. 282, to pay to the treasurer of the State a tax of one per cent on the market value of each share of its stock, such value to be determined by the board of equalization in accordance with § 2332 of the General Statutes.

The complaint alleges that on October 15th, 1913, the defendant, in compliance with the statute, duly filed with the tax commissioner a statement under oath, showing the number of shares of its capital stock and the market value thereof on the first day of October, the name and residence of each stockholder, and the number of shares owned by each on that date; and alleges facts showing that the board of equalization, pursuant to § 2332, determined the market value of the shares of the defendant's stock to be $180, and duly

mailed to the defendant written notice of the taxable value of said shares as thus fixed and determined by the board of equalization. These allegations are substantially admitted by the answer, but it is alleged that in the statement filed by the defendant there was a notation and claim made by the defendant that, with respect to the market value of its shares, $500,000 of nontaxable bonds of the State held and owned by the defendant on October 1st, 1913, should be deducted from the total market value of its capital stock in determining its market value for the purpose of taxation. The answer further alleges that the defendant purchased said bonds relying upon the Act of the legislature which exempted them from taxation, and upon an opinion of the Attorney-General so construing the Act as to uphold a procedure which would allow said bonds to be deducted from the total market value of the capital stock in determining the market value of the stock of a corporation like the defendant for purposes of taxation, and that the board of equalization rejected the defendant's claim and refused to make the deduction claimed, or any deduction, on account of said nontaxable bonds, and that had the deduction claimed been made the amount of the tax to have been paid would have been $400, whereas, upon the market value as determined by the board of equalization, it is $5,400. The answer alleges the tender of the defendant's check for $400 in payment of all taxes due, the plaintiff's refusal to accept it, and the defendant's continued willingness to pay the sum of $400 in discharge of the tax.

The answer is demurred to upon the ground that § 2331, as amended, imposed the tax upon the market value of each share of the stock of the defendant company as such value was determined by the board of equalization; that the only deduction authorized to be made from the tax so imposed is the amount of

taxes paid upon real estate in this State; and that the
plaintiff had no authority to allow the deduction claimed
by the defendant company. The question presented by
the pleadings is thus whether the defendant was en-
titled to a deduction on account of the $500,000 non-
taxable State bonds held by it, in which it had invested
a large portion of its capital.

Section 2331, which provides that the corporations
therein named shall pay a tax of one per cent on the
market value of each share of their stock, provides,
also, that all of their real estate situated in this State
shall be assessed and taxed in the town or other taxing
district within which it is located, and that the amount
of the taxes paid on such real estate may be deducted
from the one per cent to be paid upon the market value
of the shares of stock. This is the only deduction pro-
vided for by statute. The statute is explicit that one per
cent on the market value of each share of their stock, less
the amount of tax paid on such real estate, shall be paid
to the treasurer of the State by such corporations.  It
cannot be claimed that there is any provision in the
statute which expressly authorizes the deduction of
the defendant's nontaxable bonds in determining the
amount of the tax or the market value of the shares of
stock.

The defendant's claim is that the tax in question is
not a tax upon the corporation or upon the stock-
holders' shares, but is a tax upon the property of the
corporation, and that the board of equalization, there-
fore, had power, in determining and fixing the value
of the defendant's taxable property, to deduct the
amount of the nontaxable bonds. If the defendant is
correct in its claim that the tax is upon its property,
there would be good reason for sustaining its further
claim that its nontaxable bonds should be deducted in
fixing the amount of its taxable property. It would be

inequitable to include in its taxable property bonds which are expressly exempted from taxation by the Act which provided for their issue. But we think that the tax imposed by the statute in question is not a tax upon the property of the corporations therein named. The tax is imposed not upon the defendant's property, nor upon its capital or capital stock, but upon the shares of its stock. These are the property of the shareholders and not of the corporation. We may speak of the capital or the capital stock of a corporation as representing the property of the corporation, but when we speak of the shares of its stock we refer to the stockholder's share, portion, or property, in the capital stock.

But had the tax in the present case been measured by the market value of the capital stock or capital of the corporation, it would not follow, as claimed by the defendant, that it would be a tax upon the property of the corporation. A franchise tax or special tax upon the corporation might be so measured or computed and not be a property tax. In *Coite* v. *Connecticut Mutual Life Ins. Co.*, 36 Conn. 512, the statute required the company to pay to the State treasurer a sum equal to one per cent on its capital, and we held that the tax was not a property tax, but a franchise tax or special tax upon the corporation measured by the amount of its cash capital, the company being required to show in its return to the comptroller its entire cash capital invested or on deposit. And it was held in that case that as the tax was not a property tax but a tax upon the corporation, the corporation was not entitled to a deduction of the amount of United States bonds and State bonds exempt from taxation in which a portion of its capital was invested. There is nothing in *Osborn* v. *New York & N. H. R. Co.*, 40 Conn. 491, or *Nichols* v. *New Haven & Northampton Co.*, 42 Conn. 103, upon which the defendant relies, in conflict with *Coite* v. *Con-*

*necticut Mutual Life Ins. Co.*, 36 Conn. 512. In the former case the statute imposed a tax of three-fourths of one per cent of the amount of the corporation's capital stock at its market value and its funded and floating indebtedness. The amount on which the tax was thus imposed was to be fixed by the board of equalization, and the statute contained a provision that the valuation thus fixed should "be regarded as fixing the basis or measure of value of such railroad and horse railroad, their rights, franchises and property within this State, for purposes of taxation; and this sum or tax shall take the place and be in lieu of all other taxes on railroads and horse railroad property and franchises within this State." It was held that both in the taxing and exempting clause the language made it clear that the tax was upon the corporation's property and not upon the corporation itself, and that an attempted municipal assessment of the same property for taxation was void as double taxation. The *Nichols* case was a similar case, governed by the same statute and decided in the same way for the same reason. "A tax upon shares of stock is clearly different from a tax upon the franchise, the corporate property, or the capital stock." 2 Cook on Corporations (7th Ed.) § 563; Cooley on Taxation, 169; *Batterson* v. *Hartford*, 50 Conn. 558, 560; *State* v. *Travelers Ins. Co.*, 73 Conn. 255, 274, 47 Atl. 299; *Foster* v. *Stevens*, 63 Vt. 175, 183, 22 Atl. 78; *Van Allen* v. *Assessors*, 70 U. S. (3 Wall.) 573; *Farrington* v. *Tennessee*, 95 U. S. 679, 687. The distinction has not always been kept in view by legislators in enacting taxation laws, or by courts when interpreting and construing them. Thus, in *Security Co.* v. *Hartford*, 61 Conn. 89, 23 Atl. 699, another case upon which the defendant largely relies, this court, in speaking of a tax which in one part of the opinion it correctly says was duly assessed to the respective owners, later speaks of the tax as one upon

the market value of the stock of the corporation and so upon the property of the corporation, and thus, upon the authority of *Nichols* v. *New Haven & Northampton Co.*, 42 Conn. 103, exempt from further taxation by the municipality of Hartford. In several later cases taxes under this same statute have been treated as and held to be taxes upon the shareholder. *State* v. *Travelers Ins. Co.*, 70 Conn. 590, 599, 40 Atl. 465; *Barrett's Appeal,* 73 Conn. 288, 47 Atl. 243; *Bulkeley's Appeal,* 77 Conn. 45, 58 Atl. 8. So far as *Security Co.* v. *Hartford* conflicts with this later view it is not to be followed. We find nothing, therefore, in the cases relied upon by the defendant which would warrant us in holding that this tax, imposed upon the shares of the stockholders, is a tax upon the property of the corporation.

There is nothing in the statute itself which calls for such a construction. This statute is the successor of the one involved in the cases last referred to. That statute required that the shareholder should set in his list in the town where he resided the shares of stock held by him at their market value in such town, and officers of the corporation were required annually to inform the assessors in such towns of the names of the stockholders residing therein, the number of shares held by each, and their market value. One great purpose of this provision, manifestly, was to have the tax paid to the town where the stockholder resided. It was also provided that so much of the capital stock of such company as was invested in real estate on which it was assessed and paid a tax should be deducted from the market value of its stock in its returns to the assessors. Another provision required an officer of the corporation to annually return to the comptroller of the State a list of all its stockholders residing without this State, with the number and market value of the shares of each, and to pay to the State one and one half per centum

of such value.   The corporation was given a lien upon
the nonresident shareholders' stock for reimburse-
ment of the taxes so paid.   The provision for deducting
from the market value of the stockholders' shares a
portion of the capital of the corporation led to much
litigation, as did also the provision for taxing the shares
of the nonresident stockholder.   In *State* v. *Travelers
Ins. Co.*, 73 Conn. 255, 47 Atl. 299, in which it was
claimed that the latter provision was unconstitutional,
we said, at page 282, after overruling that claim: "If
a change is desirable it may be feasible to preserve to
towns the income now derived from taxes on the stock
of their resident shareholders, and to collect all forms
of corporate taxation from the corporation, thus distrib-
uting the burden proportionably among its members.
The wisdom of any change must be determined by the
legislature."   At the next session of the General As-
sembly (1901) the present statute, except as it has been
slightly amended, was passed.   The Act provides for
the collection of the tax from the corporation by the
treasurer of the State, who is required to pay over to
the towns in which resident stockholders reside the
taxes derived from such stockholders' shares.   The
tax is now, as under the former statute, imposed upon
the shares of stock.   A deduction is made, not of the
value of the corporation's real estate upon which
it is taxed, but of the tax which is paid on such real
estate.   The same tax is collected upon resident and
nonresident stockholders' shares, thus distributing the
burden proportionably, and thus the Act accords with
the suggestion above quoted, and in effect imposes a
tax upon the shareholders' stock, but requires, as it
may do, the corporation to pay it in behalf of the share-
holder.   A "tax assessed to shareholders may be re-
quired by law to be paid in the first instance by the cor-
porations themselves as the debt and in behalf of the

shareholder, leaving to the corporation the right to reimbursement for the tax paid from the shareholders, either under some express statutory authority for their recovery or under the general principle of law that one who pays the debt of another at his request can recover the amount from him." *Home Savings Bank* v. *Des Moines*, 205 U. S. 503, 518, 27 Sup. Ct. Rep. 571. The present statute, like the former one, imposes the tax upon the shares of stock, which belong to the stockholder, and not upon the capital or property of the corporation. The purpose is apparently to accomplish the same result as was accomplished by the former statute, only so modifying it as to make the taxation uniform as between resident and nonresident shareholders, and also between the resident shareholders in the different towns and taxing districts, for under the earlier law a different value might be placed upon the shares in the different towns, and the tax rate in the different towns was not uniform. The real estate of the corporation remains taxable in the towns where situated, and the amount to be deducted from the shareholders' tax by reason of the tax paid upon the corporation's real estate is made definite and beyond question. As a convenient means of accomplishing this result the corporation is made paymaster for the shareholders, the amount of the tax, less the deduction, is fixed by the State, and the tax is collected by the State and paid over to the towns where the shareholders reside. There is nothing to indicate that it was intended to make the tax one upon the property of the corporation instead of one upon the property of the shareholder, as it had previously been. That it was understood by the legislature to be a tax upon the shareholder, appears from § 2335, which provides that the stockholders mentioned in § 2331 shall be exempt from taxation on their shares "except as in said section provided,"

clearly indicating that the tax imposed by that section upon the shares, although paid by the corporation, was intended to be a tax upon the shareholder and not upon the property of the corporation.

As the tax in question is not imposed upon the property of the corporation, the latter is entitled to no deduction on account of the State bonds which it holds.

The Superior Court is advised to sustain the demurrer to the defendant's answer.

No costs will be taxed in favor of either party in this court.

In this opinion the other judges concurred.