EQUITABLE FIRE AND MARINE INSURANCE COMPANY
*vs.* HOWARD P. DUNHAM, INSURANCE COMMISSIONER.

First Judicial District, Hartford, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 15th, 1930—decided January 13th, 1931.

*Thomas Hewes,* with whom was *Lucius F. Robinson,* for the plaintiff.

*Ernest L. Averill,* Deputy Attorney-General, with whom was *Bernard A. Kosicki,* and, on the brief, *Benjamin W. Alling,* Attorney-General, for the defendant.

MALTBIE, J. This action comes before us upon a reservation and the agreed facts are as follows: In and before January, 1929, § 1344 of the General Statutes, Revision of 1918 (now § 1281 of the General Statutes, Revision of 1930), provided that every insurance company incorporated by or organized under

the laws of another State and admitted to do business in this State should pay the same fees and taxes to the insurance commissioner of this State as are imposed by the other State upon insurance companies incorporated by or organized under our laws and transacting business there; and § 1345 of that Revision as amended by Public Acts of 1927, Chapter 19 (now § 1282 of the General Statutes, Revision of 1930), provided that each such foreign corporation should on or before March 1st make a return to the commissioner of the gross amount of premiums collected and received by it during the previous calendar year on business done in this State. The plaintiff is a corporation chartered by the State of Rhode Island and engaged in a general fire insurance business. On or about January 26th, 1929, it made a return as required under § 1345 as amended, of the premiums collected and received by it on business done in this State during the year 1928. From this it appeared that it had collected premiums to the amount of $127,775.92, had returned premiums to the amount of $12,126.17 and had paid reinsurance premiums to the amount of $82,068.95, leaving, as it figured it, a net premium for taxation of $33,580.80; and that all reinsurance had been effected with the Phoenix Insurance Company, a stock corporation organized under the laws of Connecticut. The statutes of Rhode Island then in effect imposed a tax upon every insurance company not incorporated by that State but doing business there at the rate of two per cent on all gross premiums, premium deposits and assessments received by it, "after deducting all premiums and premium deposits and assessments paid to authorized companies for reinsurance, provided, that it is shown to the satisfaction of the insurance commissioner that the tax on such premiums and premium deposits and assessments has or will be paid in full by

such reinsuring company." General Laws of Rhode Island, Chap. 37, § 6, as amended by Public Laws of 1926, Chap. 809. The plaintiff paid the defendant a tax at the rate of two per cent upon the net premiums as figured by it. The defendant demanded an additional payment of two per cent upon the reinsurance premiums, which the plaintiff finally paid under protest. We are asked the following questions: "1. Was any tax at all lawfully assessable upon the plaintiff? 2. If the answer to question 1 is "yes," was the amount of gross premiums, less reinsurance premiums paid by the plaintiff, the proper basis for determining the tax? 3. If the answer to question 1 is "yes" and the answer to question 2 is "no," was it proper for the defendant to refuse to allow a credit of paid reinsurance premiums in determining the amount of net premiums subject to the tax, and was the resulting tax upon the plaintiff properly computed, assessed and collected?"

It is not necessary for the decision of this case to follow very far the able discussion in briefs of counsel as to the nature and effect of retaliatory legislation such as that here in question because the answers to the questions may be found in the plain terms of the Rhode Island statute. A Connecticut fire insurance company doing business in Rhode Island is compelled to pay a two per cent tax upon its gross premium income, except that it has a conditional right to deduct premiums paid to authorized companies for reinsurance. The condition is that the insurance commissioner be shown to his satisfaction that the company with which the reinsurance is effected has paid or will pay in full the tax upon the reinsurance premiums paid to it. The plaintiff reinsured in a Connecticut fire insurance company which under our statutes does not pay a tax upon insurance premiums received by it, but instead one in the nature of a stockholders' tax based

upon the fair market value of outstanding stock. General Statutes, Revision of 1918, § 1201, as amended by Public Acts of 1921, Chapter 209, and Public Acts of 1925, Chapter 186 (now § 1273 of the General Statutes, Revision of 1930); *Roberts* v. *Automobile Ins. Co.*, 89 Conn. 181, 185, 93 Atl. 243. The plaintiff cannot therefore meet the condition which would justify the deduction of the reinsurance premiums. It was not obligated to reinsure in a Connecticut stock corporation and, for example, had it chosen to reinsure in another Rhode Island company doing business in this State, upon satisfying the insurance commissioner that the latter had paid or would pay the tax upon the reinsurance premiums, the plaintiff would have the right to deduct them. It is in no worse position than would be a Connecticut corporation doing business in Rhode Island which reinsured in a company which for any reason did not and would not pay the tax upon the reinsurance premiums received by it. The plaintiff's difficulty is not that the insurance commissioner has placed upon it a different burden than that imposed upon a similar Connecticut company doing business in Rhode Island but that the plaintiff, by reason of the course it has taken, is not in fact able to meet the condition justifying the deduction of the reinsurance premiums.

We therefore answer questions 1 and 3, "Yes" and question 2, "No."

This being our conclusion we pass over any question of the right of the plaintiff to maintain this action against the defendant as insurance commissioner to recover a tax paid to him as an officer of the State, particularly as the point was not raised upon the appeal.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.